UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JN NOV 1 4 2007
11-14-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Parminder Singh ) <br> A73 163 690 ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> U.S. Citizenship and Immigration ) <br> Services; ) <br> Ruth Dorochoff, District Director of ) <br> USCIS Chicago; ) <br> Department of Homeland Security; ) <br> Michael Chertoff, Secretary of the ) <br> Department of Homeland Security; ) <br> Federal Bureau of Investigation; ) <br> Robert S. Mueller, III, Director of the ) <br> Federal Bureau of Investigation ) <br> ) <br> Defendants ) | 07cv6445 <br> JUDGE NORGLE <br> MAG. JUDGE BROWN |

## COMPLAINT FOR MANDAMUS

Now comes the Plaintiff, Parminder Singh, by and through undersigned counsel, and requests a hearing before the Court on the subject of Plaintiff's naturalization application, which has been pending for more than 120 days without resolution, and asks the Court for mandamus relief to order the timely resolution of pending background checks.

### HISTORY OF THE PARTIES:

1. This action is brought pursuant to 28 USC, and all other relevant provisions of law, by the Plaintiff to compel the Defendants to adjudicate the application by Parminder Singh for his naturalization pursuant to 8 USC.
2. The application for naturalization has been filed with the United States

Citizenship and Immigration Services (USCIS).
3. The Department of Homeland Security (hereinafter "DHS") is the agency with overall responsibility for applications for naturalization, including coordinating the timely completion of background checks with the Federal Bureau of Investigations (FBI).
4. The FBI is the agency responsible for timely completing the background checks.
5. Defendant Michael Chertoff is being sued in his official capacity as the Secretary of the DHS. As of February 15, 2006, Mr. Chertoff has been responsible for the administration of the USCIS, which provides certain immigration related services including naturalization, 8 U.S.C. §1103.
6. Defendant Robert S. Mueller III is being sued in his official capacity as the Director of the FBI. As such, he is charged with conducting background checks of applicants for naturalization when requested to do so by the USCIS.
7. Ruth Dorchoff is being sued in her official capacity as the District Director of USCIS for the Chicago District. As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS in the Chicago District.
8. The Plaintiff, Parminder Singh, is a citizen of India, lawfully admitted for permanent residence in March of 1998. He resides in Bensenville, Illinois, County of Cook.
9. This suit is also to protect the right of Sahadeep Singh. She is the beneficiary of an approved I-130 Petition for Alien Relative. On her behalf, Parminder Singh invokes his right to family integrity, which is part of the Due Process Clause of the United States Constitution. See for, example, the discussion of this right in *Morris v. Dearborne*, U.S. Court of Appeals, 5th Circuit, No. 98-40488, decided July 16, 1999.

## JURISDICTION AND VENUE:

10. This Court has subject matter jurisdiction over the complaint under at least the following jurisdictional provisions: 28 USC §§ 1331 and 1361 (the Mandamus Act with jurisdiction over questions of federal law) and the Administrative Protection Act ("APA"), 8 USC § 706(1) and INA §336 (b), 8 USC §1447(b) (jurisdiction to review naturalization applications). To redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to the Plaintiff.
11. Jurisdiction is also conferred by 5 USC § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act

requires in order to confer jurisdiction on the District Courts. 5 USC §§ 702 *et seq.*

12. Pursuant to 29 U.S.C. § 1391, venue is proper in this District on either of the following grounds: (1) the plaintiff resides in the judicial district, the defendants are officers of the United States or agencies of the United States, and no real property is involved (28 U.S.C. §1391 (e)(3); or (2) acts or omissions giving rise to the action occurred in this District, as Plaintiff's application for naturalization was processed in part by the Chicago office of U.S. Citizenship and Immigration Services (28 U.S.C. § 1391 (e)(2)). The Defendants have their principal place of business in the District.

13. The aid of the Court is invoked under 28 USC§§ 2201 and 2202, authorizing a declaratory judgment.

14. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq.*

## COUNT 1:

15. The Plaintiff realleges and incorporates by reference the allegations made above in Paragraphs 1-14.

16. Since July 2003, and the defendants have failed to complete the case, more than three years after filing. Instead, Defendant Ruth Dorchoff has not provided the Plaintiff with any decision on this matter and has not provided any substantive status.

17. Although the Defendants have acknowledged that the naturalization case is filed and pending with their office, and although they have been requested on numerous occasions to proceed with the case and complete it, they have continuously failed and refused to do so. The Defendants state that the matter is still pending for a background check.

18. There is no reason that Plaintiff Parminder Singh is disqualified for naturalization. Even though the District Director may wish to investigate the case, there is no adequate justification for the vexatious delay due to background checks. Plaintiff asserts that the Defendants have no legal basis for failing to proceed with the case.

19. The Plaintiff's has filed a Petition for Alien Relative for his wife, and child in December 2006. The Plaintiff's spouse and child are eligible and ready to immigrate to the United States but for the delay in processing of the Plaintiff's application for naturalization. The Defendants have no legitimate explanation for this delay. As soon as Plaintiff Parminder Singh becomes a citizen of the United States, his wife and child will be immediately eligible to enter with permanent residence in the United States. The delay of Defendants has caused a

breakdown of the family unit and has caused plaintiff to suffer extreme hardship.

20. The DHS has a duty to adjudicate a naturalization application within 120 days of interview pursuant to 8 C.F.R. § 335.3(a), INA §336 (b), 8 USC §1447(b). See also, Castracani v. Chertoff, 377 F. Supp. 2d 71, 74 & n.8 (DDC 2005). Such duty is nondiscretionary and the Department of Homeland Security's duty is subject to positive command, plainly described and free from doubt.

21. In addition, 8 U.S.C. 1571 (b) provides: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184 (c) of this title should be processed not later than 30 days after the filing of the petition."

22. By statute, Congress permits an applicant for naturalization to seek review in District Court if the immigration agencies fail to decide on a naturalization application within 120 days of the initial examination. 8 U.S.C. § 1447 (b).

23. The Plaintiff has exhausted all other avenues of relief with the Department of Homeland Security prior to the filing of this complaint.

24. In the case, sub judice, the USCIS conducted an in person interview of Plaintiff on March 18, 2004. As of the initial filing on July 24, 2003, more than three years have passed without adjudication.

25. Under § 1447 (b), the Court has the power to "either determine the matter or remand the matter, with appropriate instructions."

26. Plaintiff intends to ask the Court to remand the matter to the Defendant with instructions to adjudicate the matter within 30 days.

27. Alternatively, if proceedings herein demonstrate that remand will not provide Plaintiff with a timely decision, Plaintiff asks the Court to adjudicate the application itself, and to administer the Oath of Naturalization.

28. Plaintiff has no administrative remedy available to him. There are no administrative remedies provided for neglect of this regulatory duty. Mandamus is appropriate because there is no other remedy at law per Yu v. Brown, 36 F. Supp. 2d 922, 933-34 (D.N.M. 1999). Plaintiff seeks to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

29. The issues in this case are not moot.

**COUNT II:**

30. Plaintiff reasserts and realleges paragraph 1 through 29 as if set forth fully herein.
31. The FBI Defendants, the FBI and Mueller, owe Plaintiff a duty to complete his background checks in a timely manner.
32. If the extra FBI name check is legitimately required as a condition precedent to naturalization adjudication, then Plaintiff's right to have his naturalization application adjudicated in a timely manner encompasses the right to have his background checks completed in a timely manner as well.
33. The FBI Defendants are violating their duty by failing to complete their background checks in a timely manner by (a) refusing to effectively permit expedited handling og background checks which are long delayed; (b) failing to institute a system which would permit timely completion of these background checks; (c) engaging in unnecessary extra checks by examining files unrelated to the Plaintiff; (d) refusing to give any partial response to the requestors.
34. Plaintiff has exhausted all available administrative remedies.

**PRAYER:**

Wherefore, Plaintiff prays that the Court

1. Take jurisdiction and remand the matter to Defendants and compel the Defendants to adjudicate the N-400 application for naturalization within 30 days.
2. In the alternative, to compel Defendants to complete the background checks of the Plaintiff.
3. Alternately, to take jurisdiction and make a final ruling on Petitioner's application for naturalization.
4. Entry of Judgment in favor of the Plaintiff and against the Defendants, finding that the Defendant's procedures for conducting background checks are unreasonable, in violation of 5 U.S.C. 555 (b);
5. An order directing the FBI Defendants to complete the background check of the Petitioner within 30 days, or other reasonable period as ordered by the court;
6. Plaintiff further prays that if the decision is adverse to him, that the

decision include an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices. Plaintiff further seeks that the Defendants admit all the allegations stated in the complaint.

7. Order the Defendants to pay legal fees and costs in this action, and
8. Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

_Parminder Singh_
Parminder Singh

_Sakina Carbide_
Sakina Carbide

Sakina Carbide
Attorney for Plaintiff
2315 W. Devon Avenue, 2nd Floor
Chicago, Illinois 60659
773-465-2378, 33191