# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Parminder Singh<br>A73 163 690<br>   Plaintiff<br>   v.<br><br>U.S. Citizenship and Immigration<br>Services;<br>Ruth Dorochoff, District Director of<br>USCIS Chicago;<br>Department of   Homeland Security;<br>Robert Devine, Secretary of the<br>Department of Homeland Security;<br>Federal Bureau of Investigation;<br>Robert S. Mueller, III, Director of the<br>Federal Bureau of Investigation<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07C6445<br><br>**FILED**<br><br>JUN 1 7 2008  T C<br>Jun 17, 2008<br>**MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT** |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Parminder Singh, by and through his attorney, Sakina

Carbide, and pursuant to Federal Rule of Civil Procedure 56, respectfully

Moves this court for entry of summary judgment in his favor. In support of

Such motion, Plaintiff respectfully represents that there are no genuine

Issues of material fact and that he is entitled to judgment as a matter of law.

Pursuant to Local Rule 56.1, a statement of material facts and a

memorandum of law setting forth the basis for summary judgment are

attached to this motion.

Respectfully Submitted,
Parminder Singh

By: Sakina Carbide

Law office of Sakina Carbide
2315 W. Devon Avenue, Second Floor
Chicago, IL 60659
773 465 2378
#IL 6224620
Attycarbide@aol.com

## CERTIFICATE OF SERVICE

I, Sakina Carbide, attorney for the Plaintiff, do certify that on June ___, 2008, and in accordance with FED. R. CIV. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing, I served a copy of the attached

- Plaintiff's Certificate of Service
- Plaintiff's Motion for Summary Judgment,
- Plaintiff's Local Rule 56.1 (a)(3) Statement of Material Facts, and
- Memorandum in Support of Plaintiff's Motion for Summary Judgment

to the following:

Office of the U. S. Attorney
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604

_____
Sakina Carbide
2315 W. Devon Avenue
Second floor
Chicago, IL 60659

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PARMINDER SINGH | ) | |
| A73 163 690 | ) | |
| Plaintiffs | ) | CASE NO. 07 C6445 |
| | ) | |
| vs. | ) | |
| U.S.Citizenship and Immigration | ) | |
| Services; | ) | |
| Ruth Dorochoff, District Director of | ) | |
| USCIS Chicago; | ) | |
| Department of Homeland Security; | ) | |
| Michael Chertoff, Secretary of the | ) | |
| Department of Homeland Security; | ) | |
| Federal Bureau of Investigation; | ) | |
| Robert S. Mueller, III, Director of the | ) | |
| Federal Bureau of Investigation | ) | |
| | ) | |
| Defendants | ) | |

## PROOF OF SERVICE

TO:

1. United States Attorney, Northern District of Illinois
   C/o Sheila McNulty, SAUSA
   Everett McKinley Dirken Building
   219 South Dearborn Street, 5th Floor
   Chicago, Illinois 60604

2. Ruth Dorochoff
   Chicago District Director, U.S.Citizenship and Immigration Services
   C/o Debra Gordon, CIS Local Area Counsel
   101 West Congress Parkway
   Chicago, Illinois

3. Robert S. Mueller
   C/o FBI
   J Edgar Hoover Building
   935 Pennsylvania Avenue, NW
   Washington, DC 20535-0001

4.  FBI
    J Edgar Hoover Building
    935 Pennsylvania Avenue, NW
    Washington, DC 20535-0001

5.  Attorney General Alberto Gonzales
6.  C/O Peter D. Keisler
    U. S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001

7.  Michael Chertoff
    USCIS Office of the General Counsel
    United States Department of Homeland Security
    Washington, DC 20528

I, the undersigned (plaintiff/defendant), certify that on the ___ day of JUNE, 2008 I served a copy of this MOTION FOR SUMMARY JUDGMENT to each person whom it is directed by way of DHL

Name: Sakina Carbide
Address: 2315 W. DEVON AVENUE, 2ND FLOOR
City/Zip: Chicago, Illinois 60659
Telephone: (773) 465-2378

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| Parminder Singh<br>A73 163 690 | ) ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 07C6445 |
| v. | ) ) | |
| U.S. Department of Homeland<br>Security, et al., | ) ) ) ) | |
| Defendants | ) | |

## PLAINTIFF'S LOCAL RULE 56.1(a)(3) STATEMENT OF FACTS

NOW COMES the Plaintiff, Parminder Singh, by and through his attorney,

Sakina Carbide, and respectfully submits this statement of facts in support of his Motion

for Summary Judgment and in compliance with local Rule 56.1(a)(3), and states as

follows:

### Jurisdiction & Venue Information

1. Plaintiff is a legal permanent resident of the United States. Exhibit A. ¶ 10.

2. Defendants are agencies or officers of agencies of the United States of America.

   Exhibit A, ¶¶ 11-13.

3. Plaintiff filed form N-400, Application for Naturalization , on or about July,

   2003, pursuant to 8 U.S.C. § 1445. Exhibit A, ¶ 14.

4. Plaintiff was interviewed for said application in Chicago, Illinois, on or about

   March 18, 2004. Exhibit A, ¶ 15.

5. More than 120 days have passed since the interview was conducted. Exhibit A, ¶ 7.

6. To date, United States Citizenship and Immigration Services ("USCIS") has failed failed to make a determination on the application for naturalization. Exhibit A, ¶ 6.

### Plaintiff's Immigrant History

7. Plaintiff is a native and citizen of India. Exhibit A, ¶ 10.

8. Plaintiff became a legal permanent resident of the United States on or about March,19, 1998. Exhibit A, ¶ 10.

9. Plaintiff filed an application for naturalization in or about July, 2003. Exhibit A, ¶ 14.

10. Plaintiff was interviewed by an immigration officer in Chicago, Illinois, on March 18, 2004. Exhibit A, ¶ 15.

11. The immigration officer determined that Plaintiff passed both English test and the U. S. history and government test. Exhibit A, ¶ 15.

12. In a letter dated the same date as the interview, USCIS explained to the Plaintiff that a decision could not be made on this application because the required security check was incomplete. Exhibit B.

13. Plaintiff has made number of inquiries regarding the status of his application and in response to such inquiry, Plaintiff received a response on November 16, 2005, from Defendant Micheal M. Comfort explaining that USCIS had not adjudicated the application because the FBI had not completed the background investigation. Exhibit A, ¶ 16.

14. Defendants have not alleged that there is any reason for the delay in

determination of Plaintiff's application for naturalization other than the

incomplete FBI criminal background check. Exhibit A. ¶ 16.

Respectfully submitted,
Parminder Singh

BY _____
Sakina Carbide

Law Office of Sakina Carbide
2315 W. Devon Avenue
Chicago, IL 60659
773 465 2378
#IL 6224620

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Parminder Singh<br>A73 163 690 | )<br>)<br>)<br>) | |
| Plaintiff<br>v. | )<br>)<br>) | Civil Action No. 07C6445 |
| | ) | |
| U.S. Department of Homeland<br>Security, et al., | )<br>)<br>) | |
| Defendants | )<br>) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Parminder Singh applied for United States citizenship in July of 2003.

He was interviewed for naturalization on March 18, 2004. Mr. Singh has met with all of

the requirements for naturalization. The United States Citizenship and Immigration

Service ("USCIS" or the Service") has not yet made a determination on the application

but has acknowledged that it is awaiting only the completion of a back ground check. The

Immigration and Nationality Act provides that if there is a failure to make a

determination on an application within the 120 day period after the examination, the

district court has jurisdiction over the matter and may determine the matter or remand it

to the Service with appropriate instructions, which include setting a deadline by which

the Service must adjudicate it. Because more than 120 days have passed since the date of

the examination and there are no disputed facts, summary judgment in favor of the

Plaintiff's is appropriate. The DHS has submitted the applicant's fingerprints to the FBI

for a background check. For over 5 years, the FBI has failed to find any negative

indications in its records. The name and fingerprint check completed by the DHS, was

1

returned "clear" without any negative findings against the plaintiff. On February 28,

2008, CIS published a press release titled *CIS Background Policy Change*, which

basically states that the CIS shall adjudicate any naturalization application which has

been pending for more than 180 days due to background checks.  In addition, the United

States Department of Justice, issued a report this month stating that the CIS and FBI's

Procedure for background checks is "ineffective and untimely."  See US DOJ OIG Audit

Report 08-24 June 2008.   Such

memorandum summarily states that in any naturalization case which is pending beyond

180 days, the DHS is directed to adjudicate the petition without receipt of the background

checks. The DHS and CIS have violated their own regulations in operating procedures by

not adjudicating Plaintiff's application for natrualization.

## Statement of Facts

Parminder Singh is a native of India. Local  Rule 56.1 Statement ¶ 7. He was

granted permanent residency in the United States on March 19, 1998. Id., ¶8. After

residing in the U. S. for the requisite five years, he applied for citizenship in July, 2003.

Id., ¶ 3. At the interview, he took and passed the exams for the English and U.S.

Government and history. Id., ¶ 11.  He was given a letter, dated the same day of the

interview, which stated that a determination could not be made on his case because the

background investigation was incomplete. Id., ¶ 12.

Mr. Singh made repeated inquiries into the status of his application and received a

Response form Defendant Michael M. Comfort, District Director of USCIS, on July 30,

2005, October 18, 2005 and November 16, 2005 which stated that the background

investigation conducted by the FBI was still incomplete. Id., ¶ 13. The letters did not state

2

any other reason for delay. Id. Defendants have given no other reason for the delay. Id.,¶

14. Numerous inquiries via congressional liasons, Aila liasons, CIS customer service and

CIS infopass have failed to disclose any other status or other reasons for delay.

## Argument

Summary judgment is appropriate when, based upon all the evidence presented to

the court, there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law. FED R. CIV. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S.

317 (1986). The evidence must be viewed in the light most favorable to the non-moving

party. Healy v. City of Chicago, 450 F. 3d 732, 738 (7th Cir.2006). Because there are no

genuine issues of material fact in the instant case, summary judgment in favor of Mr.

Singh is appropriate.

### 1. This Court has Jurisdiction Over the Petition.

Because more than 120 days have passed since the examination, this Court has

Jurisdiction pursuant to 8 U. S. C. § 1447 to either determine the application or remand

the application with instructions that Defendants immediately complete adjudication of

the application.

Congress has created a remedy for naturalization applicants who have not had

their applications adjudicated in a timely manner. 8 U.S. C. Section 1447 states,

> If there is a failure to make a determination under section 335 [8 U.S.C. § 1446]
> Before the end of the 120-day period after the date on which the examination is
> conducted under such section, the applicant may apply to the United States
> district court......for a hearing on the matter. Such court has jurisdiction over the
> matter.....

Every circuit court and an overwhelming majority of the district court that have

3

examined the issue have determined that the "examination" referred to in this section is

the initialinterview that the applicant undergoes at the USCIS District Office. See <u>Walji</u>

<u>v. Gonzales</u>, No. 06-20937, ---F.3d---, 2007 WL 2685028 (5th Cir. 2007) (statutory and

Regulatory scheme as well as Congressional intent reveal that "examination" refers

to the discrete event of applicant's interview and 120-day period begins to run from

that date); <u>U.S.A. v. Hovsepian</u>, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc) (the

applicant's initial interview marks the beginning of the 120-day period); <u>Etape v.</u>

<u>Chertoff</u>, --- F.3d---, 2007 WL 2200286 (4th Cir.2007) (120-day period begins to toll

At initial interview at USCIS); see, e.g., <u>Castracani v. Chertoff</u>, 377 F. Supp.2d 71

(D.D.C. 2005); <u>Hussein v. Gonzales</u>, 474 F. Supp. 2d 1265 (M.D.Fla.2007); <u>Khelifa</u>

<u>v. Chertoff</u>, 433 F.Supp. 2d 836 (E.D.Mich.2006); <u>Zaranska v. U.S. Department of</u>

<u>Homeland Sec.</u>, 400 F. Supp.2d 500 (E.D.N.Y. 2005); <u>El-Daour v. Chertoff</u>, 417 F. Supp.

2d 679 (W.D. Pa. 2005).

The Fifth Circuit Court of Appeals, in <u>Walji v. Gonzales</u>, has conducted the most

thorough analysis of the meaning of "examination" of any court to date. No. 06-20937,

---F.3d---, 2007 WL 2685028 (5th Cir.2007). It held that the plain language of the statute

suggested that the examination was a discrete, single event-the day the interview was

conducted. Id. at 3. It examined the statutory scheme and found a distinction between

an "investigation" (the FBI background check) and an "examination" (the interview). Id.

It examined the regulatory scheme and found that the implementing regulations indicate

USCIS itself interprets "examination" to mean the initial interview. Id, citing 8 C.F.R. §

335.2(b). It examined Congressional intent and found it clear that the term "examination"

referred to USCIS's interview of the applicant. Id. at 5, citing H.R.Rep. No. 101-187, at

4

34 (1989). The court also found that a central purpose of the statute was to reduce the waiting time for naturalization applicants. Id.

After 120-days have passed since the examination and an applicant applies to the district court for relief, the court has "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

In addition, because this is a civil action rising under the laws of the United States, this court has jurisdiction pursuant to 28 U.S.C. § 1331. Also, the district court have original jurisdiction to compel an officer or employee of any agency of the United States to perform a duty owed to plaintiff. 28 U.S.C. § 1361. The defendants owe a duty to the plaintiff to make a determination on his application for naturalization. The statute states that the employee designated to conduct an examination "shall make a determination as to whether the application should be granted or denied, with reasons therefore." 8 U.S.C. § 1446(d) (emphasis added). Because "shall" is mandatory, rather than discretionary or permissive, the statute imposes a duty to make a determination on the application. See National Ass'n of Homebuilders v. Defenders of Wildlife, 127 S. Ct. 2518, 2531 (2007). Because a background investigation-the responsibility for which has been delegated to the Federal Bureau of Investigations-is a part of the application process, there also exists a duty for the investigation to be performed and completed. 8 U.S. C. § 1446(a); 8 C.F.R. § 335.2(b). In addition, there is a definite time frame for a decision on an application (and therefore the completion of the background investigation) once an examination has occurred namely, 120 days. Not making a determination within the statutorily imposed time frame is a violation of the

5

statute. Walji, at 6.

**2.  Mr. Singh's Application should be Adjudicated Immediately because the delay in Adjudicating Mr. Singh's Naturalization Application is unreasonable and outside of the statutorily imposed 120-day limit.**

In enacting 8 U.S.C. § 1447, Congress recognized that a central purpose of the statute was to reduce the waiting time for the applicants. Walji at 5, citing 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrision). In allowing applicants to apply to the district courts for a hearing on the application after 120 days have passed after the interview, Congress explicitly set a time frame within which USCIS and all agencies involved in the processing of the application must act. "A person who is arguably entitled to be a United States citizen, with all of the privileges citizenship entails, is not rightly at the grace of the Attorney General, as other aliens are often considered to be. O'Sullivan v. U.S. Citizenship and Immigration Services, 453 F.3d 809 (7th Cir. 2006). Therefore, Congress has provided district courts with de novo review of denials of application for naturalization, and has provided district courts with jurisdiction over the applications and power to decide or remand with instructions when the process takes more than 120 days. 8 U.S. C. §§ 1421 (c ), 1447(b).

Applicants for naturalization must meet a number of requirements. The applicant must have resided in the United States continuously as a legal permanent resident for the five years preceding the application and been physically present in the U.S. for at least half of that time. 8 U.S. C, § 1427(a). The applicant must have continuously resided within the U.S. from the date of application up to time of admission to citizenship, and must be a person of good moral character. Id. An applicant must also successfully complete an English exam and a U.S. government and history exam. U.S.C. § 1423.

The applicant must also submit to an examination and a background investigation. 8 U.S.C. § 1446.

Mr. Singh has resided in the United States as a legal permanent resident since March 19, 1998. He submitted to an examination by an Officer at the District Office Of USCIS and passed the English and U. S. Government and History exams. He is a person of good moral character, has never been arrested, never had immigration violations and is otherwise eligible for naturalization. Defendants have not alleged that Mr. Singh is in any way ineligible for citizenship or has failed to meet any of the requirements. The only reason defendants have given for the lack of adjudication is that the investigation, or FBI background check, is incomplete. Because more than 120 days have passed since Mr. Singh was examined, this court may either adjudicate the application or remand it with instructions. 8 U.S.C. 1447(b).

District courts across the nation have exercised this power in various ways. Courts have ordered the FBI to complete the background investigation and have remanded the case to USCIS with a specific deadline for completion of adjudication. For example, where only an applicant's background check was pending and all other requirements had been met, a district court ordered that the FBI complete the background check "promptly" and report the results to USCIS, who was in turn ordered to complete adjudication of the application within 54 days of the court's order. Hussein v. Gonzales, 474 F. Supp.2d 1265 (M.D.Fla.2007). [1] Other courts, in unpublished decisions, have held naturalization hearings. [2] Section 1447(b) contemplates either result.

---

[1] Similar orders have been issued in numerous unpublished cases. See. e.g. Alahassan v. Gonzales, No. 06-1571 (D.Colo.2006) (ordered FBI to complete name check in 60 days and ordered USCIS to adjudicate application in another 60 days); Al-Kudsi v. Gonzales, N. 05-1584 (D.Or. 2006) (ordered FBI to complete

name check and if USCIS did not receive results in 90 days, USCIS to proceed as if check was successful);
Aslam v. Gonzales, No. 06-614 (W.D. Wash. 2006) (case held in abeyance 60 days for FBI to complete
name check and if not complete, government ordered to show cause why applicant should not be
naturalized immediately).
[2] See e.g., Lifshaz v. Gonzales, No.06-1470 (W.D. Wash. 2007); Astafieva v. Gonzales, No.06-04820
(N.D. Cal. 2007).

In light of the  2|26|08  CIS  memo, this court has power to direct the

USCIS to adjudicate the application without the results of the background check.


Defendants contend that ordering the agency to "prioritize" Mr. Singh's

application would result in delay in processing other applications, and would prejudice

other individuals. However, Mr. Singh is not asking for any special relief, he is merely

pursuing the relief Congress has provided him when the agency has not met its statutory

duty to adjudicate the application within 120 days. 8 U.S.C. § 1447(b). Mr. Singh can not

be held responsible for any alleged delays caused by USCIS or the FBI's own inaction.

We urge this court to enter a ruling granting Mr. Singh his citizenship and not

remanding the case for further proceedings. Such a remand order would result in sending

the case to the same bureaucracy that has delayed processing the same application.

Additionally, as this matter and all issues, including prima facie eligibility for U.S.

Citizenship, have either been reviewed or are uncontested, it would be the best use of

resources to retain jurisdiction. Otherwise a remand order would result in this court

remanding the case only to have it sent back before the court in order for Mr. Singh

to be sworn in, resulting in even greater delay.

## Conclusion

Because there are no genuine issues of material fact, Plaintiff is entitled to

summary judgment as a matter of law. Because 120 days have passed since Plaintiff's

examination by the Chicago District Office of USCIS, this court has jurisdiction over

8

the petition and may either determine the naturalization application itself or remand it

with instructions, including a deadline for adjudication, to USCIS.


                                            Respectfully submitted,
                                            Parminder Singh



                                            By  Sakina Carbide


Law Office of Sakina Carbide
2315 W. Devon Avenue
Chicago, IL 60659
773 465 2378
#IL 6224620
33191
attycarbide@aol.com