**Westlaw.**

Page 1

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 112821 (N.D.Ill.)
(Cite as: Not Reported in F.Supp., 1997 WL 112821 (N.D.Ill.))

H
Chapman v. Gasperec
N.D.Ill.,1997.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Lamar CHAPMAN, III, Plaintiff,
v.
Louis S. GASPEREC, in his individual capacity; and the Village of Homewood, Illinois Police Department, Defendants.
No. 96 C 5299.

March 6, 1997.

*MEMORANDUM AND ORDER*

MORAN, Senior Disrtict Judge.

*1 Plaintiff, *pro se,* filed a complaint which, for *in forma pauperis* purposes, this court concluded was not frivolous. The defendants moved to dismiss, and plaintiff contends that the *in forma pauperis* disposes of that motion. He is in error in that respect. The Rule 12(b)(6) standard is more stringent than the *in forma pauperis* standard. He is also in error when he claims that this court can consider matters outside the pleadings in ruling upon a Rule 12(b)(6) motion. We look only to the allegations of the complaint, although we should construe any inferences from what is stated favorably to plaintiff and view them with particular liberality because of his *pro se* status.

After the motions were fully briefed plaintiff filed, without leave of court, a first amended complaint. Since defendants had responded to the original complaint plaintiff needed to obtain leave of court-but at this stage of a litigation leave to amend is freely granted. The amended complaint does not, moreover, alter the contours of the dispute. The core of that dispute is that defendant Gasperec and another removed election flyers plaintiff had placed on the windshields of automobiles parked in a shopping mall parking lot on November 8, 1994, while a Homewood police officer permitted them to do so and restrained plaintiff from interfering.

We think that gives plaintiff the germ of a First Amendment claim: that Gasperec became a state actor by enlisting the assistance of the police officer. *See e.g., Howerton v. Gebica,* 708 F.2d 380 (9th Cir.1983). Plaintiff's complaint is far from a model of clarity, but we think it sufficient to withstand Gasperec's motion to dismiss. The same cannot be said, however, of Homewood's motion to dismiss (the proper party is the Village of Homewood, not its police department). The municipality cannot be held vicariously liable, *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1976). A plaintiff must plead enough to permit a reasonable inference that the police officer was carrying out an established policy of the municipality. Plaintiff does not do so in the original complaint and, even after the education provided him by defendant's memorandum, he does not do so in the first amended complaint. Plaintiff need not satisfy a heightened pleading standard, but he does have to state a claim. Homewood's motion to dismiss is granted.

Finally, this court is well aware of plaintiff's proclivity to use pejorative terms when describing any conduct by defendants or their counsel. Doing so confuses the issues and makes a rational resolution of the dispute more difficult. Plaintiff's petition for punitive sanctions is denied. Defendant Homewood's motion to stay discovery is denied as moot. Defendant Gasperec's motion to stay discovery is denied. Since Gasperec has not even filed an answer as yet, and there has been no discovery, plaintiff's motion for summaryjudgment is dismissed as premature, without prejudice to its renewal at an appropriate time.

N.D.Ill.,1997.
Chapman v. Gasperec
Not Reported in F.Supp., 1997 WL 112821

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 112821 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp., 1997 WL 112821 (N.D.Ill.))**

Page 2

(N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.